## PATCHELL & TURNER

*v.*

## JOHN JOHNSTON.

1.  FORCIBLE DETAINER—*whether the action will lie.* Under the act of 1845, and the act of 1865 amendatory thereof, where the lessee of premises has sub-let a portion of the same, and afterwards forfeits his own lease by non-payment of rent and is evicted, an action of forcible detainer will lie by the landlord against the sub-tenant to recover possession of the portion of the premises held by him.

2.  Nor would it change the legal relations of the parties in any way so as to affect such a suit, that the landlord had consented to the sub-letting.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. WILLIAM H. HOLDEN, for the appellants.

Messrs. JOHNSTON & ROGERS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In May, 1870, Johnston leased to Pyle three lots in the city of Chicago, at a rent of $1500 per annum, for a term of five years. Pyle sub-let a small piece of the ground to one Armstrong, and in June, 1870, assigned his own lease to one Worth, who collected rent from the sub-tenant and paid the rent on the entire premises to Johnston, until February, 1871, when he made default. Johnston thereupon terminated the lease by proper notice, and procured judgment in forcible detainer against Worth, under which he was put into possession of all the premises except the small piece sub-let to Armstrong. The sub-lease had come by assignment to Patchell & Turner, and the present suit is an action of forcible detainer brought against them by Johnston, the original landlord. There was judgment against them in the court below, from which they appealed.

It is claimed by counsel for appellants that this action will not lie under the old act of forcible entry and detainer contained in the statutes of 1845, because that act, so far as it applies to holding over by a tenant after the termination of the lease, relates, it is insisted, to the termination of leases by the efflux of time.    It is also claimed that the action will not lie under the amendment of 1865, because, unlike the old act, that amendment does not authorize the suit to be brought against sub-lessees.

It is not necessary to determine whether a proper construction of the act of 1845 would not permit an action to be brought against a tenant whose lease had been terminated for some other reason than the expiration of the term by lapse of time, since, under the act of 1865, we entertain no doubt this action will lie.    The latter act provides specifically for the termination of the tenancy by the landlord in consequence of a failure by the lessee to pay rent or to perform any of the covenants in the lease, and brings these cases within the operation of the former act.    It is not a substitute for the old law, but merely an amendment designed to enlarge its operation, or at least to remove all doubt as to the right of the landlord to forfeit a lease for non-performance of covenants, and bring this action to recover possession.    The old law gave the action, in terms, against a sub-tenant, and it is not possible that the legislature, when it was adding to the causes of the action by the new law, intended to narrow its scope as to the parties.    Tenants and sub-tenants were placed on the same footing under the old act, and the amendment unquestionably designed to leave them there.    Whenever a suit would lie against the former it would lie against the latter.    This must be so from the nature of the sub-tenant's holding.    It rests entirely upon the original lease, and must fall with that.    If that is forfeited, the right of the sub-tenant is gone, and he may be evicted by forcible detainer as well as the original lessee.    It would be a mockery of the rights of the landlord, if we were to hold, where the lessee of a house containing a dozen rooms

has sub-let a single room, and afterwards forfeits his own lease by non-payment of rent and is evicted, the sub-tenant can nevertheless retain possession of the room rented by him if he promptly pays his own rent, or can be evicted only by the slow and expensive action of ejectment.

It is objected that the defendants should have been permitted to show that Johnston consented to the under-letting. The evidence was immaterial. His consent would not change the legal relations of the parties in any way that would affect this suit.

Several other objections to the judgment are suggested, but they are not sufficiently grave to make it necessary to state and overrule them. There is no error in the record.

The judgment of the court below is affirmed.

*Judgment affirmed.*